**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASE NO.

GENAINE LEGETTE,

     Plaintiff,

v.

                                    **COMPLAINT AND TRIAL BY JURY**
                                    **DEMAND**

SUNCOAST CREDIT UNION, LOCATION
SERVICES, LLC, AND SPECIALIZED
TOWING AND RECOVERY, INC.,

     Defendants.
_____/

**NATURE OF ACTION**

1.      Plaintiff Genaine Legette brings this action against Suncoast Credit Union ("SCU"), Location Services, LLC ("LS"), and Specialized Towing and Recovery, Inc. ("STR") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*., as well as the Uniform Commercial Code ("UCC"), Fla. Stat. § 679.101 *et seq.*

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.      Plaintiff is a natural person who at all relevant times resided in Jacksonville, Florida.

5.      Plaintiff is allegedly obligated to pay a debt asserted to be owed or due to SCU.

6.      Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal automobile loan (the "Debt").

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9.      Plaintiff is a "consumer debtor" as defined by Fla. Stat. § 679.1021(v)

10.     SCU is a credit union that purchase consumer paper in the form of automobile loans.

11.     SCU is a "secured party" as defined by Fla. Stat. § 679.1021(ttt).

12.     SCU is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

13.     LS is a Delaware limited liability company that does business in Florida.

14.     LS at all relevant times was acting as repossession forwarding company working at the behest of SCU.

15.     At all relevant times, LS was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

16.    LS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17.    LS is a "debt collector" as defined by Fla. Stat. § 559.55(7).

18.    STR is a Florida corporation that does business in Florida.

19.    STR at all relevant times was acting as a repossession agent working at the behest of LS and SCU.

20.    At all relevant times, STR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

21.    STR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22.    STR is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

23.    On June 10, 2021, Plaintiff purchased a 2018 Audi A6 (the "Vehicle") from non-party, Plaza Chrysler Jeep Dodge Ram.

24.    Plaintiff purchased the Vehicle on credit.

25.    In connection with the transaction, Plaintiff executed a Retail Installment Sales Contract with Plaza Chrysler Jeep Dodge Ram which was subsequently assigned to SCU.

26.    As part of the transaction, SCU obtained a security interest in the Vehicle.

27.    The Vehicle constitutes "collateral" as defined by Fla. Stat. § 679.1021(1)(*l*).

28.    Plaintiff purchased and used the Vehicle for her own personal, family, and household use.

29.    The Vehicle constitutes "consumer goods" as defined by Fla. Stat. § 679.1021(1)(w).

30.    On or before February 3, 2023, SCU hired LS to accomplish the repossession of the Vehicle.

31.    LS in turn hired STR to carry out the actual repossession.

32.    On or about February 3, 2023, just before midnight, STR went to Plaintiff's home to repossess the Vehicle.

33.    Plaintiff's daughter noticed STR's arrival and immediately protested the repossession.

34.    Later, Plaintiff herself emerged from her home and protested the repossession.

35.    STR refused to cease the repossession and leave the property.

36.    STR continued the repossession over Plaintiff and her daughter's protests.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**STR AND LS**

37.    Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  Fla. Stat § 679.609(2)(b).

38.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

39.    STR breached the peace by continuing its repossession in the face of Plaintiff and her daughter's protest.

40.    A repossession agent's breach of the peace negates a right to possession.

41.    Once STR breached the peace, they lost the right to continue its repossession.

42.     STR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession or no right to immediate possession existed.

43.     LS, as the debt collector that hired STR, is liable for STR's FDCPA violation.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that STR violated 15 U.S.C. § 1692f(6)(A);

b)  Adjudging that LS, as the debt collector that hired STR is liable for STR's FDCPA violation;

c)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF FLA. STAT. § 559.72(9)**
**ALL DEFENDANTS**

44.     STR had no right to continue with its repossession after Plaintiff and her daughter protested the repossession and the peace was breached, but it attempted to do so anyway.

45.     Upon information and belief, due to the obvious breach of the peace, STR knew the right to immediate possession of the Vehicle was lost.

46.     STR violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right it knew not to exist.

47.     As the debt collector that hired STR, LS is liable for STR's FCCPA violation.

48.     As the secured party that hired STR and LS, SCU is liable for STR's violation of Fla. Stat. § 559.72(9).  Fla. Stat. § 697.609 at Official Comment 3.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that STR violated Fla. Stat. § 559.72(9);

b) Adjudging that SCU and LS are liable for STR's violation of Fla. Stat. § 559.72(9);

c) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining STR from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

h) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

i)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 679.609
## SCU

49.     A secured party violates Fla. Stat. § 679.609 when its repossession agents breach the peace while attempting to repossess collateral.

50.     SCU's repossession agents breached the peace by continuing their repossession in the face of Plaintiff and her daughter's protests.

51.     SCU violated Fla. Stat. § 679.609 when its repossession agents breached the peace while attempting to repossess the Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that SCU violated Fla. Stat. § 679.609;

b)  Awarding Plaintiff statutory damages pursuant to Fla. Stat. § 679.625(3)(b);

c)  Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 679.625(2);

d)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

65.     Plaintiff is entitled to and hereby demand a trial by jury.

Dated: July 17, 2023.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff

5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259